MESSENGER, The (SMALL v.). See Case No. 12,961.

MESSER (SANFORD v.). See Case No. 12,-314.

---

## Case No. 9,493b.

### MESSEREAU v. The SOPHIA.[1]

District Court, S. D. New York.[2]

COLLISION—STEAMER AND SAIL VESSEL.

[A steamer meeting a sail vessel beating against wind and tide is bound to anticipate the sail vessel going in stays for another tack when necessary or proper to do so, and so regulate her speed as to avoid the sail vessel.]

In admiralty.

---

1 [Not previously reported.]
2 [Date not given.]

SHIPMAN, District Judge. This libel in rem is brought by John T. Messereau, owner of the sloop David D. Crum, against the steam propeller Sophia, to recover damages suffered by the sloop in a collision with the propeller in the Kills, between Staten Island and the New Jersey shore, on the 10th day of June, 1859. The sloop was bound from the Palisades to Elizabethport, and the propeller was on her voyage from Philadelphia to New York. The wind was blowing fresh at the time down the Kills toward New York Bay, and the tide was ebb, setting with a pretty strong current in the same direction. The collision occurred about 11 o'clock in the morning, and while the propeller was moving with considerable speed. The sloop was under single reef mainsail and jib, heavily loaded with stone and was beating against wind and tide. The captain of the propeller states that when he first saw the sloop she was just standing on her long tack toward Bergen Point; that she did not continue on that tack as long as she might, and as long as he had a right to expect she would, but that she suddenly went in stays and stood for the Staten Island shore, on her short tack. He states that when she went in stays for this latter tack she was rather astern of the propeller, and that if she had kept her course close she would have passed to the westward of and under the stern of the propeller, but that, on the contrary, she kept away, as if making a long instead of a short tack toward Staten Island, thereby coming across the bows of the propeller; that when he saw the course of the sloop he slowed and stopped his engine, and ported his helm, thereby endeavoring to avoid the collision.

Now I think the evidence clearly shows that the captain of the propeller both mistook the position of the sloop and his duty towards her, and that he failed in his duty towards her in several important and decisive particulars. (1) I think he was bound to anticipate that the sloop would go in stays and come on to her short tack near the spot where she did. (2) That, if the vessels had occupied the relative positions which he claims they did when the sloop went in stays for her short tack, the collision would have been impossible; for the steamer, with her speed as stated by him, would have passed the point of collision before the sloop could have reached it. (3) That, seeing this sailing vessel, beating up a narrow channel against wind and tide, the propeller going in the opposite direction with the wind and tide in her favor, under the power of steam, should have had her speed effectually checked, and, if necessary, stopped, in season to have passed the sloop in safety. (4) It is evident from the whole evidence, including that of the captain of the propeller, that he did not accurately calculate the position of the sloop, the necessary course which she must take on her short tack, and the inevitable effect of the wind and tide in carrying her on this tack to the eastward, down the Kills, and that he erroneously supposed he could safely pass to the southward of her, and that in attempting to do so the collision occurred, through the fault of the propeller, and without fault on part of the sloop.

It follows from these conclusions that a decree must be entered for the libellant, and an order of reference to ascertain the damages.